# Exhibit 3 to Schedule of Actions

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:16-cv-01007-DMS-WVG

Thompson, et al. v. Transmerica Life Insurance Company, et al.
Assigned to: Judge Dana M. Sabraw
Referred to: Magistrate Judge William V. Gallo
Cause: 28:1348 Banking association as party

Date Filed: 04/25/2016
Jury Demand: Plaintiff
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

**Plaintiff**

**Lois Thompson**
*on behalf of herself and all others similarly situated*

represented by **James Richard Patterson**
Patterson Law Group, APC
402 West Broadway
29th Floor
San Diego, CA 92101
(619) 756-6990
Fax: (619)756-6991
Email: jim@pattersonlawgroup.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Gail Thompson**
*on behalf of herself and all others similarly situated*

represented by **James Richard Patterson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Transamerica Life Insurance Company**
*an Iowa corporation*

**Defendant**

**Does 1 through 50**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/25/2016 | 1 | COMPLAINT with Jury Demand against All Defendants ( Filing fee $ 400 receipt number 0974-9004444.), filed by Lois Thompson, Gail Thompson. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:16-cv-1007-DMS-WVG. Judge Dana M. Sabraw and Magistrate Judge William V. Gallo are assigned to the case. (Patterson, James)(fth) (sjt). (Entered: 04/26/2016) |
| 04/26/2016 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (fth) (Entered: 04/26/2016) |

James R. Patterson (CA 211102)
Allison H. Goddard (CA 211098)
Catherine S. Wicker (CA 306494)
**PATTERSON LAW GROUP**
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: 619.756.6990
Facsimile:  619.756.6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
catherine@pattersonlawgroup.com

*Attorneys for Plaintiffs and the Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS THOMPSON and GAIL THOMPSON, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, an Iowa corporation and DOES 1 through 50,<br><br>Defendants. | Case No. **'16 CV1007 DMS WVG**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. BREACH OF CONTRACT;<br>2. BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING;<br>3. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>4. VIOLATION OF ELDER ABUSE STATUTE;<br>5. VIOLATION OF INSURANCE CODE, California Insurance Code § 781;<br>6. VIOLATION OF THE UNFAIR COMPETITION LAW, California Business and Professions Code §§17200 *et seq.*; and<br>7. DECLARATORY AND INJUNCTIVE RELIEF.<br><br>**DEMAND FOR JURY TRIAL** |

Case No.
CLASS ACTION COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, bring this action against Defendant Transamerica Life Insurance Company. Plaintiffs allege, upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is a class action brought on behalf of plaintiffs and similarly situated owners of life insurance policies issued by Transamerica. Plaintiffs seek to represent a class of Transamerica policyholders who have been or will be affected by an unlawful and excessive increase in their monthly deduction rates designed by Transamerica to induce policyholders to surrender their policies and forfeit years of premiums paid to Transamerica.

2. In letters sent to policyholders, Transamerica has announced that it will dramatically increase monthly deduction rates by as much as 38% for certain universal life insurance policies.

3. These excessive rate increases force a Hobson's Choice on policyholders: either pay exorbitant premiums that cannot be justified by the ultimate death benefits of the policy, or just surrender the policy and walk away from years of premium payments.

4. Transamerica's apparent motive is simple: money. By increasing its monthly deduction rates, Transamerica will stand to gain huge profits, either through higher premium payments or by eliminating policies and keeping the premiums that policyholders have paid to date.

5. Plaintiffs bring this action, on behalf of themselves and all other similarly situated policyholders who have been or will be affected by Transamerica's unlawful monthly deduction rate increase, to stop Transamerica from charging excessive monthly deduction rates, require Transamerica to reinstate any class member's policy, which lapsed or was surrendered as a result of the rate increase, and to obtain redress for those who have been or will be harmed as a result of Transamerica's conduct.

## THE PARTIES

6. Plaintiff Lois Thompson is an 88-year-old woman and resident of the County of San Diego, State of California.

7. Plaintiff Gail Thompson is the owner and beneficiary of a TransMax Survivor universal life insurance policy (No. 92370232), which was issued on or about May 28, 1991 by Transamerica and has a current face value of $500,000. The insured under this policy is her mother, Lois Thompson. Gail Thompson's policy remains in force with Transamerica and is subject to Transamerica's monthly deduction rate increase, which was announced on or around June 2015. Gail Thompson is a 66-year-old woman and resident of the County of San Diego, State of California.

8. Defendant Transamerica Life Insurance Company is a corporation organized and existing under the laws of Iowa, with its principal place of business located at 4333 Edgewood Road NE, Cedar Rapids, Iowa, 52499. Transamerica is a citizen of Iowa under 28 U.S.C. § 1348 and *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006).

9. Plaintiffs are unaware of the true names and capacities of defendant DOES 1 through 50, inclusive, and therefore sue said defendants by their fictitious names. Plaintiffs will seek leave of Court to amend the complaint to allege their true names and capacities when ascertained. Further, Plaintiffs allege on information and belief that at all relevant times, DOES 1 through 50, inclusive, were Transamerica's agents, servants, employees, representatives, partners, and related or affiliated entities, and were acting in the course and scope of their agency, employment, or retention with Transamerica's permission, consent, authority, and ratification. Each of the fictitiously-named defendants is responsible in some manner for the acts and occurrences as set forth in this Complaint and for the damages proximately caused to Plaintiffs as a result thereof.

## JURISDICTION AND VENUE

10. This Complaint alleges claims on behalf of a national class of policyholders who are minimally diverse from Transamerica. On information and belief, the aggregate of these claims exceed the sum or value of $5,000,000. Therefore, the Court has subject

matter jurisdiction over this case under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Transamerica under California Code of Civil Procedure section 410.010 because some of the acts alleged herein were committed, and Plaintiffs were injured, in California.

12. Venue is also proper in the Southern District under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs' causes of action occurred in this judicial district.

## FACTUAL ALLEGATIONS

13. Plaintiffs allege and incorporate herein by reference, each and every allegation set forth above.

### *The Policies at Issue and the Monthly Deduction Rate*

14. The policies at issue are flexible premium, adjustable life insurance policies, commonly called "Universal Life" policies.

15. Under a Universal Life policy, policyholders have the option of paying a minimum premium to cover the cost of insurance or paying a higher premium, in which case excess funds are put in a cash value accumulation account that earns interest at a guaranteed interest rate specified in the policy. Certain policies at issue in this case provide that Transamerica will pay an average credited interest rate of 5.5%, and a minimum interest rate of 4%.

16. Once a month, Transamerica withdraws a monthly deduction from the policy's accumulation account. The monthly deduction is calculated by multiplying a monthly deduction rate by the difference between the death benefit and the accumulation value of the account at the beginning of the policy year, plus the monthly deduction for any riders, plus the policy fee. Therefore, a change in the monthly deduction rate can have a significant impact on the monthly deduction amount: the higher the rate, the higher the deduction. Importantly, the higher the monthly deduction, the higher a policyholder's

payments have to be in order to maintain a positive balance in their accumulation account and avoid lapse in their policy.

17. Each policy year, Transamerica calculates a monthly deduction rate using the insured's age as of that year. Transamerica provides a Table of Guaranteed Monthly Deduction Rates, which limit the rates it can charge based on the age of the insured.

***Transamerica's Unlawful Monthly Deduction Rate Increase***

18. On or around June 15, 2015, Transamerica announced that it was increasing the monthly deduction rates for certain universal life insurance products[1] sold from 1987 to 1998.

19. Transamerica notified policyholders of the rate increase through a form letter. In that letter, Transamerica stated it was increasing its monthly deduction rates on certain policies to address its expectations regarding the future costs of providing coverage. For instance, Plaintiff Gail Thompson received a letter from Transamerica sometime on or around March 21, 2016, notifying her that beginning on her next policy anniversary date, her monthly deduction rates will increase by approximately 21%. Such a rate increase will be in addition to the customary increases associated with the insured's age.

20. Plaintiffs and Class members are now required to pay significantly higher monthly deductions to maintain the same level of coverage. If Transamerica's monthly deduction rate increase is not enjoined, it will become cost-prohibitive for current policyholders to maintain their coverage and will result in widespread terminations on policies for which Plaintiffs and Class members have duly paid their monthly deduction for years.

---

[1] The affected policies include the TransMax Survivor UL1X48 policy issued to Plaintiff Lois Thompson, as well as all other universal life policies for which Transamerica has increased their monthly deduction rates, including but not limited to the following policies: TransMax; TransUltra 91, 93, 95, 96; TransMax Survivor 90, 91; TransSurvivor Life 92; and TransSurvivor Life 95, 96.

*Transamerica's Motives for Increasing Monthly Deduction Rates*

21. Life insurance companies, like Transamerica, invest in fixed-income securities. Thus, their assets and liabilities are heavily tied to interest rate changes.

22. Due to declining interest rates, Transamerica's investment returns are insufficient to support the policies' guaranteed 5.5% rate. Through the monthly deduction rate increase, Transamerica is attempting to offset its credited interest guarantees through higher monthly deductions taken from the policyholders' accumulation accounts.

23. Transamerica also seeks to make the policies more profitable as a whole, by inducing policyholders to surrender their policies in the face of these increases. Transamerica expects that the rate increase will cause class members to surrender their policies or cause thousands of others to lapse as the monthly deduction charges exhaust the available funds in the policies' accumulation accounts. Transamerica's rate increase, therefore, is simply a pretext to avoid its obligation to pay or credit the guaranteed monthly interest payments to policyholders.

## CLASS ALLEGATIONS

24. Plaintiffs bring this lawsuit on behalf of themselves and the following nationwide class and subclass pursuant to Federal Rule of Civil Procedure 23(b):

- **Nationwide Class**: All non-California residents who own a universal life insurance policy issued by Transamerica, that were subjected to or will be subject to a monthly deduction rate increase by Transamerica that will result in higher monthly deduction charges than those applicable under the rate schedule in effect before that date.

- **California Subclass**: All California residents who own a universal life insurance policy issued by Transamerica, that were subjected to or will be subject to a monthly deduction rate increase by Transamerica that will result or has resulted in higher monthly deduction charges than those applicable under the rate schedule in effect before that date.

25. ***Excluded from the Class and Subclass***: Excluded from the Nationwide Class and California Subclass are (1) any Judge or Magistrate Judge presiding over this action and their family members; (2) Transamerica, and their corporate parents, subsidiaries and affiliates, officers and directors, any entity in which Transamerica has a controlling interest; (3) persons who properly and timely request to be excluded; and (4) the legal representatives, successors, or assigns of any such excluded persons or entities. Plaintiffs anticipate the need to potentially amend the class definition pending discovery.

26. ***Numerosity***: Members of the Class and Subclass are so numerous that joinder of all members is impracticable. Transamerica raised monthly premium deductions for thousands of policyholders. Although the exact number of members is unknown to Plaintiffs at this time, such information can be ascertained through appropriate discovery from records maintained by Transamerica and its agents.

27. ***Superiority***: A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable and the likelihood of individual members prosecuting separate claims is remote. Relief concerning Plaintiffs' rights under the laws alleged herein and with respect to the Class and Subclass as a whole is appropriate. Plaintiffs are unaware of any difficulty in this case's management that would preclude maintenance of this case as a class action.

28. ***Predominance and Commonality***: Common questions of law and fact exist as to all proposed class members and predominate over questions affecting individual members. Common questions include:

- Whether Transamerica's monthly deduction rate increase breached the terms of its agreement with policyholders;
- Whether Transamerica's monthly deduction rate increase was unfair and/or illegal and constituted a violation of California's Unfair Competition Law;
- Whether Transamerica's sudden increase in monthly deductions via their monthly deduction rate increase is authorized under the terms of the policies;

- Whether Transamerica engaged in the financial abuse of elders;
- Whether Transamerica's sudden increase in monthly deductions was designed to induce policyholders to surrender their policies;
- Whether Plaintiffs and the Class are entitled to relief, and the nature of such relief.

29. *Typicality*: Plaintiffs' claims are typical of other members' claims because Plaintiffs and the proposed class members were exposed to virtually identical conduct and sustained damages from that conduct.

30. *Adequacy*: Plaintiffs will fairly and adequately represent the Class and Subclass's interests. Plaintiffs have no conflicts of interest with other putative class members, and have retained competent counsel with experience in class action and civil litigation.

31. *Policies Generally Applicable to the Class*. Class treatment is also appropriate because Transamerica has acted or refused to act on grounds generally applicable to the Class and Subclass, thereby making final injunctive relief or corresponding declaratory relief appropriate. Transamerica's policies apply and affect Class members uniformly, and Plaintiffs' challenge to these policies hinges on Transamerica's conduct, not on facts or law uniquely applicable to Plaintiffs.

## FIRST CAUSE OF ACTION

### (For Breach of Contract On Behalf of All Classes)

32. Plaintiffs incorporate by reference the foregoing allegations of this Complaint as though fully set forth herein.

33. Plaintiffs and Class members obtained life insurance policies from Transamerica. The subject policies constitute a binding and enforceable contract between policyholders and Transamerica.

34. At all relevant times, Plaintiffs and Class members made all premium payments due to Transamerica under the terms of their policies and have otherwise performed their obligations under the policies.

Case No.  7
CLASS ACTION COMPLAINT

35. The minimum interest rate was a material term of the contract between Class members and Transamerica. Transamerica materially breached the terms of the policies by increasing the monthly deduction rates for Plaintiffs and the other Class members in order to avoid its obligation to credit the guaranteed interest rates under the policies, recover past losses, and shed policies by making the premium payments cost-prohibitive for policyholders.

36. Transamerica's breach of contract has or will damage Plaintiffs and the Classes in an amount to be proven at trial. Such damages include the payment of increased monthly premiums and the lapse or surrender of numerous policies.

37. Plaintiffs, individually and on behalf of the other Class members, seek damages for Transamerica's breach of contract, as well as interest, attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5. In the event money damages are inadequate to provide full relief to Class members, Plaintiffs seek injunctive relief to enjoin Transamerica from unlawfully charging excessive monthly deduction rate increase and to reinstate all policies that lapsed or were surrendered as a result of the rate increase.

## SECOND CAUSE OF ACTION

**(For Tortious Breach of Duty of Good Faith and Fair Dealing**

**On Behalf of the California Subclass Only)**

38. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

39. Plaintiffs and Class members entered into valid, binding, and enforceable contracts with Transamerica via the issuance of their life insurance policies.

40. The policies created a duty of good faith and fair dealing on the part of Transamerica, as the provider of services to policyholders. This duty includes among other things, the requirement that Transamerica refrain from doing anything, which will have the effect of destroying or injuring the right of policyholders to receive the fruits of

Case No. _____ 8
CLASS ACTION COMPLAINT

the contract. Transamerica is also required to give at least as much consideration to the welfare of policyholders as it gives to its own interests.

41. Through its monthly deduction rate increase, Transamerica breached its heightened duty of good faith and fair dealing to policyholders by undermining their ability to maintain a sufficient cash value in their accumulation accounts to cover Transamerica's monthly deductions and thereby, avoid lapse in their policies. A lowered cash value in their accumulation accounts also deprives policyholders of the interest credited on their accounts. Transamerica failed to properly consider the welfare of Plaintiffs and Class members and instead, implemented the rate increases for its own financial benefit. Indeed, Transamerica benefits from widespread policy terminations because it will retain premium payments without having to pay death benefits or meet its obligation to credit the guaranteed interest rates under the policies.

42. As a direct and proximate cause of Transamerica's tortious breach of its duty of good faith and fair dealing, Plaintiffs and Class members have been—and will continue to be—damaged as alleged herein in an amount to be proven at trial.

43. Plaintiffs allege on information and belief that Transamerica's conduct was intentional and constitutes oppression, fraud, or malice. Plaintiffs and Class members seek punitive and exemplary damages in an amount to be determined by the factfinder, as well as an order requiring Transamerica to disgorge any profits gained as a result of their unlawful conduct. Plaintiffs and Class members further request an order by this Court enjoining Transamerica from increasing or continuing to increase its monthly deduction rates.

### THIRD CAUSE OF ACTION

**(For Breach of Implied Covenant of Good Faith and Fair Dealing**

**On Behalf of the California Subclass Only)**

44. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

45. In every insurance policy there is an implied obligation of good faith and fair dealing that the insurance company will not do anything to injure the right of the insured to receive the benefits of the agreement. To fulfill its obligation, the insurer must give at least as much consideration to the interests of the insured as it gives to its own interests. An insurer breaches the implied covenant of good faith and fair dealing by interfering with or failing to cooperate with the insured in the performance of the contract. Such a breach gives rise to an action for damages.

46. The insurance policies between Transamerica and Plaintiffs and the Class members are valid, enforceable contracts.

47. The covenant imposed on Transamerica the duty to refrain from doing anything that would render performance of the policy impossible by any act of its own, as well as the duty to do everything that the policy presupposes each party will do to accomplish its purpose.

48. Transamerica breached the implied covenant of good faith and fair dealing by undermining or otherwise frustrating Plaintiffs' right to pay premiums as needed to cover their monthly deduction. By increasing the cost of insurance rates through its monthly deduction rate increase, Transamerica is—among other things—penalizing and deterring policyholders from exercising their contractual right to maintain a minimal policy value. Transamerica's attempt to deprive Plaintiffs and the Class members of the primary benefit of their policies violates its implied obligations under the policies.

49. As a direct and proximate cause of Transamerica's breach of the insurance polices, Plaintiffs and Class members have been—and will continue to be—damaged as alleged herein in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

**(For Violation of the Elder Abuse and Dependent Adult Civil Protection Act On Behalf of the California Subclass Only)**

50. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

51. The Elder Abuse and Dependent Adult Civil Protection Act, Welfare and Institutions Code sections 15600, *et seq.*, provides that "physical abuse, neglect, financial abuse, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering," of a person over 65 years of age is expressly prohibited. Welf. & Inst. Code, § 15610.07.

52. Plaintiffs were and are persons over 65 years of age at the time Transamerica announced its monthly deduction rate increase for certain policies. Gail Thompson is an owner and beneficiary of a TransMax Survivor life insurance policy, which is subject to Transamerica's rate increase.

53. By imposing such a rate increase, Transamerica seeks to take, appropriate, obtain and/or retain Plaintiffs' property for a wrongful use or with the intent to defraud in violation of California Welfare and Institutions Code section 15610.30. Plaintiffs will be, and continue to be, harmed by Transamerica's monthly deduction rate increase because they will have to pay higher monthly premiums in order to maintain their current policy.

54. Transamerica was aware that Lois and Gail Thompson were over 65 years of age and knew or reasonably should have known that they trusted their insurance policy would last into their retirement years. Instead, Transamerica made decisions causing Plaintiffs significant mental suffering and financial damages in an amount to be proven at trial. Transamerica's conduct constitutes financial abuse of an elder under Welfare and Institutions Code sections 15600 *et seq*.

55. Plaintiffs are informed and believe that Transamerica's violations of the elder abuse statutes were motived by malice, fraud, oppression, and were done in conscious disregard of Plaintiffs' rights. In particular, that Transamerica put their desire for fees ahead of Plaintiffs' best interests and their fiduciary duties to them. By failing to indicate whether future rate increases will be implemented and in what amount, Transamerica intentionally concealed a material fact known to it with the intention of inducing Plaintiffs and Class members to surrender their policies and forfeit the premiums they have paid to

Transamerica. Accordingly, punitive damages should be assessed against Transamerica, according to law, and in an amount that would punish and deter such further conduct.

56. Plaintiffs also request that they be awarded their fees and costs in having to prosecute this action.

## FIFTH CAUSE OF ACTION

**(For Violation of California Insurance Code Section 781**

**On Behalf of the California Subclass Only)**

57. Plaintiffs incorporate by reference the foregoing paragraphs as though fully set forth herein.

58. California Insurance Code section 781 prohibits "twisting" in the insurance business. Section 781(a) provides in relevant part,

> A person shall not make any statement that is known, or should have been known, to be a misrepresentation (1) to any other person for the purpose of inducing, or tending to induce, such other person either to take out a policy of insurance, or to refuse to accept a policy issued upon an application therefore and instead take out any policy in another insurer, or (2) to a policyholder in any insurer for the purpose of inducing or tending to induce him or her to lapse, forfeit or surrender his or her insurance therein.

59. A violation of Insurance Code section 781 gives rise to a private right of action.

60. In its letter notifying policyholders of its anticipated monthly deduction rate increase, Transamerica stated that such an increase was warranted based on its current expectations regarding the future cost of providing this coverage. Plaintiff is informed and believes that this statement is false, since the increase is substantially higher than any previous increases and is not supported by any facts or data. Through its misleading statements and massive rate increase, Transamerica improperly induced or tended to induce policyholders to lapse, forfeit, or surrender their existing life insurance policies.

61. As a result of Transamerica's actions, Plaintiffs and Class members have been damaged in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

**(For Violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200 *et seq.* On Behalf of the California Subclass Only)**

62. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

63. California Business and Professions Code section 17200 prohibits "unfair competition," which it broadly defines as "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200. The statute is violated by any act or practice that is (1) unlawful, (2) unfair, (3) fraudulent, or (4) in violation of section 17500 (false or misleading advertisements).

64. Transamerica's business acts or practices were unfair and in violation of the UCL because its sudden and large increase in monthly deduction rates prevented policyholders from receiving the promised benefits of their life insurance polices. Moreover, Transamerica raised its monthly charges as pretext to avoid or offset its obligation to pay guaranteed monthly interest payments to policyholders, and failed to provide any warning that such a large monthly deduction rate increase would be implemented.

65. Transamerica's actions, as alleged above and incorporated herein by reference, including but not limited to breach of contract, breach of the implied covenant of good faith and fair dealing, elder abuse, and violations of the California Insurance Code, constitute unlawful practices in violation of the UCL. Plaintiffs reserve the right to identify additional violations by Transamerica as may be established through discovery.

66. Transamerica's violations of the UCL caused Plaintiff and the other Class members injury in fact, through lost money and property.

67. Transamerica's violations of the UCL damaged Plaintiffs and the other Class members because Transamerica obtained money and/or property that rightfully belonged

to them, including the lost benefit of the bargain on their insurance policies, and lost use of the funds available for credit. Moreover, Transamerica has been and continues to be unjustly enriched by way of the increased monthly charges paid by policyholders.

68. Plaintiffs, individually and on behalf of the other Class members, seek restitution of any money or property obtained by Transamerica from Plaintiffs and Class members through such unfair competition under the UCL (Cal. Bus. & Prof. Code § 17203), as well as interest, attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5. Plaintiffs further seek injunctive relief to stop Transamerica's unfair and unlawful business practices and to prevent such conduct in the future.

## SEVENTH CAUSE OF ACTION

**(For Declaratory and Injunctive Relief On behalf of All Classes)**

69. Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as though fully set forth herein.

70. A controversy exists between Plaintiffs and Class members and Transamerica regarding the respective rights and obligations of the parties under the affected policies.

71. Transamerica claims its monthly deduction rate increase on certain universal life insurance policies is lawful and permitted under the terms of the policies. Transamerica will continue to collect higher monthly deduction charges for the duration of the policies or until the policyholder surrenders such policy. Plaintiffs, however, contend that through its monthly deduction rate increase, Transamerica has unlawfully collected higher monthly deduction premiums. The controversy between Plaintiffs and Transamerica is of sufficient immediacy and reality to warrant the issue of a declaratory judgment as to the parties' respective rights under the policies and further request that the Court declare Transamerica's rate increase unlawful and in material breach of the express terms of the policies.

72. Plaintiffs and Class members also seek full reinstatement on all policies that were surrendered or lapsed as a result of Transamerica's exorbitant monthly deduction rate increase.

## PRAYER FOR RELIEF

Plaintiffs, individually and on behalf of the Nationwide Class and California Subclass, pray for judgment against Transamerica as follows:

1) Certifying the action as a class action pursuant to Federal Rule of Civil Procedure 23 and designating Plaintiffs and their counsel as representatives of the Nationwide Class and California Subclass;

2) Declaring Transamerica's actions alleged herein unlawful, and enjoining Transamerica, its representatives and agents, from using monthly deduction rates based on the rate increase and from charging excessive monthly deduction rates;

3) Requiring Transamerica, its representatives and agents, to reinstate any class member's policy, which was cancelled or surrendered as a result of the rate increase;

4) Declaring that the rate increase materially breaches the terms of the policies and that Transamerica must determine the monthly deduction rates as authorized under the policies;

5) Awarding restitution to the California Subclass under the Sixth Cause of Action for all money or property obtained by Transamerica's unfair competition;

6) Awarding Plaintiffs and their counsel reasonable attorneys' fees;

7) Awarding Plaintiffs and all classes prejudgment and post-judgment interest, as well as costs; and

8) Granting Plaintiffs and all classes such other and further relief as this Court may deem just and proper under the circumstances.

/ / /

/ / /

/ / /

# DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all triable issues.

Dated: April 25, 2016

**PATTERSON LAW GROUP**

By: */s/ James R. Patterson*

James R. Patterson (CA 211102)
Allison H. Goddard (CA 211098)
Catherine S. Wicker (CA 306494)
**PATTERSON LAW GROUP**
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: 619.756.6990
Facsimile: 619.756.6991
jim@pattersonlawgroup.com
ali@pattersonlawgroup.com
catherine@pattersonlawgroup.com

*Attorneys for Plaintiffs and the Class*